**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**WILLIAM C. DEMETROPOULOS,**

        **Plaintiff,**

    v.                                                              **Case No. 08-C-0420**

**CULVER'S FROZEN CUSTARD,
and DERYNDA FOODS, INC.,**

        **Defendants.**

---

## DECISION AND ORDER

---

The Plaintiff, William C. Demetropoulos ("Demetropoulos"), filed a *pro se* complaint seeking leave to proceed *in forma pauperis* in this action against his former employers, Culver's Frozen Custard ("Culver's") and Derynda Foods, Inc. ("Derynda") (collectively the "Defendants"). The Court construed Demetropoulos's verified complaint as stating that the Defendants wrongfully terminated his employment because of his learning disability and physical disabilities in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq* and granted Demetropoulos's leave to proceed *in forma pauperis* against the Defendants.

Culver's Franchising System, Inc. ("CFSI") has filed a motion to dismiss pursuant to Rule 12(b)(4) and 12(b)(6) of the Federal Rules of Civil Procedure. CFSI filed the motion in response to papers in this action served upon "Culver's Corporate Custard" by the United States Marshal on July 21, 2008. CFSI seeks dismissal under Rule 12(b)(4) asserting

that it was not properly served by the United States Marshal because it received only the complaint and a copy of this Court's order granting Demetropoulos's *in forma pauperis* motion. CFSI also seeks dismissal of the complaint pursuant to Rule 12(b)(6) for failure to state a claim on the ground that it is not a proper defendant in this action because it was not a party to the administrative proceedings in this case, did not have notice of them and did not have an opportunity to conciliate with Demetropoulos. In support of its motion to dismiss, CFSI relies upon the Stoll affidavit and exhibits attached to that affidavit.

Civil Local Rule 12.1 of the Eastern District of Wisconsin provides that the procedure set forth in Civil L.R. 56.1(a) "must also apply to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) . . . where matters outside the pleadings are presented to the Court." Civil Local Rule 56.1 provides:

> (a) If a party is proceeding pro se in civil litigation, and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
>
> (1) The motion must include a short and plain statement that any factual assertion in the movant's affidavit(s) or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit(s) or other admissible documentary evidence contradicting the factual assertion.
>
> (2) In addition to the foregoing statement, the text to Fed.R.Civ.P. 56(e) and (f), Civil L.R. 56.1, Civil L.R. 56.2, and Civil L.R. 7.1 must be part of the motion.
>
> (b) This procedure also applies to motions to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) where matters outside the pleading [sic] are presented to the Court.

2

Review of the CFSI's motion discloses that it has only complied with Civil Local Rule 56.1, in part. Specifically, it has not included the text to Rule 56(e) and (f) of the Federal Rules of Civil Procedure, and Civil Local Rules 56.1 and 56.2 with its motion as mandated by Civil Local Rule 56.1. *See also Timms v. Frank*, 953 F.2d 281, 283-85 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 100-03 (7th Cir. 1982). Because CFSI has failed to comply with all the requirements of Civil Local Rule 56.1, CFSI's motion will be denied with leave to renew it by February 14, 2009. CFSI may renew its motion, without refiling it or the related papers, by providing Demetropoulos with the complete notice required by the Local Rules.

In the event that CFSI renews its motion, the Court notes that Rule 12(d) provides that if matters outside the pleadings are presented to and not excluded by the Court in a Rule 12(b)(6) motion, the motion "must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). If this Court intends to consider material outside the pleadings in ruling on a motion to dismiss, it must treat the motion as one for summary judgment and provide each party notice and an opportunity to submit affidavits or other additional forms of proof. *See Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) (citing *Fleischfresser v. Dirs. of Sch. Dist. 200*, 15 F.3d 680, 684 (7th Cir. 1994)). "This requirement of a reasonable opportunity to respond is mandatory, not discretionary." *Loeb Indus., Inc.*, 306 F.3d at 479. The responsibility to give notice rests with the Court.

Having reviewed the briefs of the parties, the Court concludes that it could adjudicate CFSI's contention that Demetropoulos has failed to state a cause of action against it without considering the facts set forth in the Stoll affidavit and the attachments thereto. The Court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, Civil 2d § 1364 at 140-41 (3d ed. 2004). However, not all the relevant information proffered by the Stoll Affidavit would be the proper subject to judicial notice.

Therefore, the Court is informing the parties, if CFSI renews its motion, that portion of the CFSI's motion seeking dismissal for failure to state a claim pursuant to Rule 12(b)(6) will be converted to a motion for summary judgment pursuant to Rule 56. The parties will be given a reasonable opportunity to present all the material that is pertinent to the motion by Rule 56 of the Federal Rules of Civil Procedure. The parties may file any supplemental submissions by March 15, 2009. The parties may also file any supplemental responsive submissions by April 15, 2009. If CFSI does not renew its motion by February 14, 2009, then no further filings pertaining to it need be made.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

CFSI's motion to dismiss (Docket No. 14) is **DENIED**, with leave to renew the motion **by February 14, 2009**, without refiling it or any of the supporting papers. CFSI may renew its motion to dismiss by providing Demetropoulos with the complete notice required by the Local Rules.

If CFSI renews its motion, then that portion of the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), is converted to a motion for summary judgment pursuant to Rule 56.

**By March 15, 2009**, the parties may supplement their submissions to the renewed motion by presenting all material made pertinent to CFSI's motion by Rule 56;

**By April 15, 2009**, the parties may file any responses to the supplemented submissions by presenting all material made pertinent by Rule 56.

Dated at Milwaukee, Wisconsin this 30th day of January, 2009.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**